CAMDEN COUNTY CIRCUIT COURT.

HOWARD G. TOONE, PLAINTIFF, v. HELEN SKORUPSKI, DEFENDANT.

For the plaintiff, *Clifford A. Baldwin.*

For the defendant, *William S. Darnell.*

ELDREDGE, J.   The plaintiff, Howard G. Toone, filed his state of demand in the District Court of the city of Camden to recover upon the first count the sum of $150, alleged to be due on a certain promissory note therein set out, and to recover upon the second count the sum of $22.50, attorney's collection fee of fifteen per cent. in accordance with the provisions of the said note.

To that state of demand the defendant filed her answer and then set up a counter-claim against the plaintiff in the sum of $609 alleged to be due her as damages by reason of the fact that the plaintiff had wrongfully caused her discharge from her place of employment.   The counter-claim being for an amount in excess of the statutory jurisdiction of the District Court, the defendant now presents her petition to have the cause removed from the District Court to the Circuit Court of Camden county, under the provisions of chapter 152 (*Pamph. L.* 1928), which provides as follows:

"Whenever in any answer to any action brought in any District Court now or hereafter created under the provisions of the act to which this is a supplement, the defendant shall file any set-off, counter-claim, discount or recoupment for

amount claimed in such set-off, counter-claim, discount or recoupment shall exceed the sum or value limited for the jurisdiction of said court, such action shall, upon application on behalf of the defendant * * * upon order of the court, be transferred with the record thereof and all papers filed in the cause for hearing and determination, to the Circuit Court of the county in which such District Court is situate * * * providing same shall not be transferred unless the judge of the Circuit Court * * * make an order that he finds that there is reasonable cause to believe that the set-off, counter-claim or other defensive action is founded on fact and that there is reasonable chance for success upon the trial of the same by the party who files said set-off, counter-claim or other defensive action."

Removal of the cause is opposed by counsel for the plaintiff, who contends that the counter-claim is not for liquidated damages, and hence the prayer of the petitioner ought not to be granted, to which counsel for the defendant replies that (1) the counter-claim is for liquidated damages, and (2) even though it is not, the prayer of the petitioner ought to be granted because the act of 1928 does not require that a set-off or counter-claim be for liquidated damages in order to entitle the cause to be removed, but that this limitation upon the right of removal from the District Court to the Circuit Court applies to a recoupment only.

These contentions will be discussed and disposed of in reverse order.

It is to be noted that no authority is cited by counsel to support his interpretation of the act of 1928, and while it is true that the law makes distinctions between a set-off, a counter-claim, and a recoupment, there appears to be no logic in the view that such a distinction was intended to be made respecting the portion of the statute in question. The evident intent of the act was to require a reasonable degree of certainty respecting the amount of the defendant's damages, whether those damages be alleged by way of set-off, counter-claim or recoupment, before he should be entitled to the removal of his case from the District Court. The case

of *Tigler* v. *Fabrics Furnishing Corp.*, 8 *N. J. Mis. R.* 303, while not a binding authority on the question, as the point under discussion was not there raised, is nevertheless interesting in the fact that a counter-claim was there involved and the case turned upon the question of whether the damages alleged were liquidated or unliquidated. It is the judgment of the court that the act of 1928 requires that the damages be liquidated, regardless of the nature of the claim, before the defendant is entitled to his order of removal

That brings us to the second question, as to whether or not the damages in this case are liquidated or unliquidated. Mr. Justice Dixon, in the case of *Heckscher* v. *Trotter*, 48 *N. J. L.* 419, says: "The general rule adopted by all courts is consistent and uniform that where the cause of action arises on a debt or a money demand, or where it sounds in damages but the damages are capable of being ascertained with certainty by mere arithmetical computation, the damages are liquidated," but "where the cause of action consists merely in a right to recover some damages but those damages are general, indefinite and undetermined or incapable of being reduced by calculation to a proper degree of certainty without the intervention of a jury" the damages are unliquidated

It is apparent to the court that the damages sought to be recovered in this case fall within the latter class. Generally speaking, liquidated damages are such as have been agreed upon by the parties in a contract into which they have entered, or at least they must be "capable of being ascertained with certainty by mere arithmetical computation." It is true that wages at a fixed sum per week for a fixed number of weeks may be ascertained by arithmetical computation, but that computation presupposes a contract fixing such wages and establishing the length of time of the hiring. No such contract is alleged.

Paragraph 1 of the counter-claim merely alleges the employment of the plaintiff by one Robert C. Taylor at the price of $43.50 per week. Paragraph 2 alleges refusal to pay the note and the offer of the return of the coat for which the note was given. Paragraph 3 alleges that the plaintiff wrongfully

caused the discharge of the defendant, whereby she lost the sum of $43.50 for fourteen weeks, or a total of $609.

There is, it will be noted, no allegation that there was any contract of hiring whereby the continuance of the employment was in any sense assured. The total of fourteen weeks for which recovery is sought is purely arbitrary. It represents a period from the date of the discharge until the beginning of the suit. Had the suit begun earlier or later, the claim would have been for a smaller or larger amount, as the case might be. A mere employment raises no presumption of a contract for a definite period of time. Employment generally continues at the pleasure of the employer. The amount of damage suffered by reason of a wrongful discharge where no contract of employment for a specific time at a specific wage is alleged is a question "incapable of being reduced by calculation to a proper degree of certainty without the intervention of a jury," and hence such damages are unliquidated.

The view of the court being that a counter-claim must be for liquidated damages to entitle the defendant to have his cause removed to the Circuit Court, and that the counter-claim here present in this case is for unliquidated damages, the prayer of the petition will be denied